**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

DARCY JAY BETTERTON,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 07-3014-MWB
(No. CR 03-3014-MWB)

**MEMORANDUM OPINION AND**
**ORDER REGARDING**
**PETITIONER'S § 2255 MOTION**

———————————

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
   *A. Proceedings In The Criminal Case* . . . . . . . . . . . . . . . . . . . 3
      *1.*   *Charges* . . . . . . . . . . . . . . . . . . . . . . . . . . 3
      *2.*   *Betterton's motion to suppress evidence* . . . . . . . . . . . . . . . 5
      *3.*   *Pretrial motions in limine* . . . . . . . . . . . . . . . . . . . 6
      *4.*   *The prosecution's § 851 information* . . . . . . . . . . . . . . . 7
      *5.*   *Jury trial and conviction* . . . . . . . . . . . . . . . . . . . 7
      *6.*   *Post-trial motions and sentencing* . . . . . . . . . . . . . . . 11
      *7.*   *Appeal and resentencing* . . . . . . . . . . . . . . . . . . 12
   *B. The § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . 14
      *1.*   *The* pro se *motion* . . . . . . . . . . . . . . . . . . . . . 14
      *2.*   *Counsel's clarification* . . . . . . . . . . . . . . . . . . . 15

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
   *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . 16
   *B. Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . . 19
      *1.*   *Need for an evidentiary hearing* . . . . . . . . . . . . . . . 19
      *2.*   *Procedural default* . . . . . . . . . . . . . . . . . . . . 19
      *3.*   *The pertinent claims* . . . . . . . . . . . . . . . . . . . 21
   *C. Prosecutorial Misconduct* . . . . . . . . . . . . . . . . . . . . . . 23
      *1.*   *Arguments of the parties* . . . . . . . . . . . . . . . . . . 23

|   |   | 2. | *Analysis* | 24 |
| D. | | | **Ineffective Assistance Of Trial Counsel** | 27 |
|   | 1. | | *Applicable standards* | 27 |
|   | 2. | | *Allegations of ineffective assistance* | 30 |
|   |   | a. | **Failure to call a certain witness** | 30 |
|   |   |   | i. **Arguments of the parties** | 30 |
|   |   |   | ii. **Analysis** | 30 |
|   |   | b. | **Failure to raise certain objections** | 32 |
|   |   |   | i. **Arguments of the parties** | 32 |
|   |   |   | ii. **Analysis** | 33 |
|   |   | c. | **Failure to challenge the prior conviction enhancement** | 35 |
|   |   |   | i. **Arguments of the parties** | 35 |
|   |   |   | ii. **Analysis** | 36 |
| E. | | | **Erroneous Application Of The Career Offender Guideline** | 37 |
|   | 1. | | *Arguments of the parties* | 37 |
|   | 2. | | *Analysis* | 38 |
| F. | | | **Certificate of Appealability** | 41 |

III. **CONCLUSION** ... 42

This matter comes before the court pursuant to petitioner Darcy Jay Betterton's February 22, 2007, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1), as clarified and supplemented by appointed counsel in a Supplemental Brief (docket no. 18), filed on November 19, 2007.[1] As his claims are clarified by counsel, Betterton asserts the

---

[1]Docket numbers relating to Betterton's § 2255 Motion are in Civil Case No. C 07-
(continued...)

following three grounds for § 2255 relief: (1) denial of his Fourteenth Amendment[2] right to a fair trial based on allegedly improper comments made by the prosecutor during trial, which prejudiced the jury; (2) denial of his Sixth Amendment right to effective assistance of counsel based on trial counsel's failure to call a certain witness, to raise certain objections, and to challenge Betterton's prior state convictions as the basis for enhancement of his sentence pursuant to 21 U.S.C. § 851; and (3) error by the district court in finding Betterton to be a career offender under U.S.S.G. § 4B1.1. The prosecution contends that Betterton is not entitled to relief on any of the grounds that he raises.

## I. INTRODUCTION

### A. Proceedings In The Criminal Case

#### 1. Charges

On February 20, 2003, a Grand Jury handed down a three-count Indictment (docket no. 1) charging Darcy Jay Betterton as the sole defendant.[3] **Count 1** charged that, on or about November 20, 2002, Betterton possessed with intent to distribute approximately 69.18 grams of a mixture or substance containing a detectable amount of methamphetamine, which contained 6.9518 grams of actual (pure) methamphetamine, after

---

[1](…continued)
3014-MWB. Docket numbers relating to Betterton's underlying criminal conviction are in Criminal Case No. CR 03-3014-MWB.

[2]Because Betterton was prosecuted in federal court, the Fourteenth Amendment does not define his right to a fair trial; rather, the court assumes that Betterton's right to a fair trial stems from either the Fifth Amendment or the Sixth Amendment.

[3]Again, docket numbers relating to Betterton's underlying criminal conviction are in the underlying criminal case, No. CR 03-3014-MWB.

3

having previously been convicted of at least one felony drug offense, that is, a conviction on October 26, 1998, in Crawford County, Iowa, District Court of felony possession of methamphetamine with intent to deliver, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851.  **Count 2** charged that, on or about November 20, 2002, Betterton possessed with intent to distribute 179.30 grams of a mixture or substance containing a detectable amount of cocaine, after having previously been convicted of at least one felony drug offense, that is, a conviction on October 26, 1998, in Crawford County, Iowa, District Court of felony possession of methamphetamine with intent to deliver, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 851.  **Count 3** charged that, on or about November 20, 2002, Betterton possessed with intent to distribute approximately 110.81 grams of marijuana,  after having previously been convicted of at least one felony drug offense, that is, a conviction on October 26, 1998, in Crawford County, Iowa, District Court of felony possession of methamphetamine with intent to deliver, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 851.

Betterton was arraigned on these charges on August 13, 2003, and pleaded not guilty to all of them.  Arraignment Hearing Minutes (docket no. 5).  The court appointed the Federal Public Defender to represent Betterton in further proceedings, set a detention hearing for August 15, 2003, and ordered Betterton detained in the interim.  *Id.*  By separate order (docket no. 8), the court set a jury trial on the charges against Betterton for October 6, 2003.  An assistant Federal Public Defender filed an appearance (docket no. 7) on Betterton's behalf on August 13, 2003.  After the detention hearing on August 15, 2003, Betterton was ordered detained.  Detention Hearing Minutes (docket no. 10) & Detention Order (docket no. 11).

The parties agree, and the trial record reflects, that the charges against Betterton arose from a traffic stop on November 20, 2002, when an officer of the Carroll Police

Department stopped the automobile that Betterton was driving in Carroll, Iowa, because the vehicle had a cracked windshield. Parts of the traffic stop were videotaped by the arresting officer. The car Betterton was driving belonged to Betterton's girlfriend, Pam Jones, and Betterton explained that he had borrowed it to run errands. However, Betterton admitted to the police officer that his driver's license was suspended. Betterton was arrested, taken to the police station, given a warning and citation for the cracked windshield, and released. The vehicle, however, was subjected to an initial search, which produced nothing, towed, and impounded, because no licensed driver was immediately available to operate the vehicle. A subsequent inventory search at the impound location revealed methamphetamine, cocaine, marijuana, currency, and drug paraphernalia in the car. The only fingerprint found in the car did not belong to Betterton. Nevertheless, Betterton was subsequently arrested on the drug charges in the Indictment in this case, based on the controlled substances found in the vehicle.

### 2. *Betterton's motion to suppress evidence*

After continuances of the scheduled trial, Betterton filed on October 6, 2003, a Motion To Suppress Evidence Pursuant To Fed. R. Crim. P. 12(b)(C) (docket no. 17). Betterton argued in his Motion To Suppress that the inventory search of the vehicle he had been driving and subsequent discovery and seizure of various items all occurred as a direct result of a violation of his Fourth Amendment rights, in that there was no indication of a drug offense prior to the initiation of the alleged traffic stop, and the initiation and completion of the traffic stop and the inventory search were pretextual. On October 21, 2003, the prosecution filed a Resistance (docket no. 21) to the Motion To Suppress and on October 31, 2003, the prosecution filed a Response (docket no. 23) to the court's direction to file any videotape of the stop and search at issue with a transcript of the videotape.

A magistrate judge of this court held a hearing on Betterton's Motion To Suppress on November 21, 2003, *see* Suppression Hearing Minutes (docket no. 27), and thereafter filed on November 24, 2003, a Report and Recommendation (docket no. 28), recommending that Betterton's Motion To Suppress be denied. Betterton filed Objections (docket no. 32) to the Report and Recommendation on December 19, 2003. In an Order Regarding Magistrate Judge's Report and Recommendation Concerning Defendant's Motion To Suppress (docket no. 34), filed January 20, 2004, the undersigned accepted the magistrate judge's Report and Recommendation and denied Betterton's Motion To Suppress.

### 3. *Pretrial motions in limine*

On January 21, 2004, Betterton filed a Motion In Limine (docket no. 37), again attempting to exclude any and all documents, items, and materials, including alleged "drug notes" or drug records, and any and all items evidencing drug use or drug paraphernalia, found during the search of the automobile that he was driving on November 20, 2002, as well as any reference to him as an intravenous drug user or references that he had been known to inject drugs, and evidence of any prior drug convictions, including the 1998 conviction in Crawford County identified in the Indictment and a 1999 conviction in Sac County, Iowa, involving possession of methamphetamine and marijuana. The prosecution filed a Response (docket no. 41) resisting Betterton's Motion In Limine on January 28, 2004. On January 29, 2004, the prosecution also filed a Trial-Related Motion In Limine/Notice Of Intent To Offer Evidence Of Defendant's Prior Convictions (docket no. 43) in which the prosecution argued that evidence of Betterton's prior convictions for possession with intent to deliver methamphetamine in Crawford County District Court on October 26, 1998, and in Sac County District Court on November 5, 1999, were admissible at trial. On February 2, 2004, the court entered an Order Regarding Motions

In Limine (docket no. 47), denying or denying without prejudice Betterton's request to exclude each category of challenged evidence, and granting the prosecution's motion to admit evidence of Betterton's prior convictions for possession with intent to deliver methamphetamine.

### 4. *The prosecution's § 851 information*

On January 27, 2004, the prosecution filed an Information Regarding Notice Of Intention To Seek Enhanced Penalty Against Defendant (docket no. 39), pursuant to 21 U.S.C. § 851. The Information gave notice of intent to seek enhancement of Betterton's sentence not only on the basis of the October 26, 1998, conviction for possession with intent to deliver methamphetamine in Crawford County District Court that was identified in the Indictment, but also on the basis of the November 5, 1999, conviction for possession with intent to deliver methamphetamine in Sac County District Court subsequently identified in the prosecution's motion in limine. Betterton's counsel did not challenge the validity of the prior convictions in the manner described in 21 U.S.C. § 851, however.

### 5. *Jury trial and conviction*

A jury trial on the charges against Betterton commenced on February 10, 2004, and ended on February 11, 2004, with a jury verdict finding Betterton guilty of all three charges against him. Trial Minutes (docket nos. 67 & 70); Jury Verdict (docket no. 71). Some portions of the trial testimony and arguments of the prosecutor are relevant to Betterton's § 2255 Motion.

First, during the prosecutor's direct examination of Special Agent Todd Jones of the Iowa Division of Narcotics Enforcement, on day two of the trial, the prosecutor asked Agent Jones about entries in a telephone address book, Exhibit 15, and a spiral notebook, Exhibit 16, that Agent Jones suggested indicated possible drug activity. *See* Trial Transcript, Vol. II, pp. 161-165. Specifically, the following exchange occurred:

> Q. Let's go back to the first page [of Exhibit 16]. Describe that, please.
>
> A. It's just one of the same documents. You got different names, I'm assuming more nicknames. You know, Ted could even be a nickname. It's not uncommon. Clan Man, if—through my training and experience you talk about Clan Man, it's somebody involved in manufacturing methamphetamine. I don't know of any other terminology that Clan Man would be involved with unless it's some kind of an anti-race type person or something.

Trial Transcript, Vol. II, p. 165, *ll.* 10-19. Betterton's counsel did not object to this testimony, and Agent Jones's examination moved on to other entries in the book. Betterton's counsel also apparently did not return to the matter in his cross-examination of Agent Jones.

However, subsequently, when Betterton's counsel was examining Betterton, the following exchange concerning Exhibit 16 occurred:

> Q. You don't have any recollection as to the time that the entries were made in this notebook?
>
> A. Well, on the paper pages I do, yeah, because I made them entries myself when I was cleaning out my storage unit. But this stuff here I don't—where it says Pam 792-3203, that was her phone number in Carroll. And D Clan, that's Declan Gross, my brother-in-law, his cell phone number which I did some tinning which is on his—
>
> Q. So D Clan is not a nickname of a drug trafficker?
>
> A. No, absolutely not.
>
> Q. And who is it?
>
> A. And who is it?
>
> Q. Yeah.
>
> A. It's my brother-in-law, Declan Gross.
>
> Q. And you just wrote down there D Clan?

> A. Right. And on the other page in the front it's
> referred to as Clan Man or as Mr. Jones says he thinks that
> that's some kind of code—
> Q. Well, he's talking about the Ku Klux Klan. Are
> you a member of the Ku Klux Klan?
> A Absolutely not.
> Q. Are you a skin head?
> A. No, I'm not affiliated with any of it.

Trial Transcript, Vol. II, p. 240, *l.* 10, to p. 241, *l.* 7. The prosecutor did not return to the matter of whether or not Betterton was affiliated with the Ku Klux Klan or anything else relating to the "Clan Man" entry in the notebook in his cross-examination of Betterton.

In an affidavit filed with the prosecution's response to Betterton's § 2255 Motion, Betterton's counsel avers, in pertinent part, as follows:

> 13. The case proceeded to jury trial beginning on February
> 10, 2004. During the course of the trial, Mr. Betterton
> determined that he would testify on his own behalf
> against the advice of counsel. During cross-
> examination, the prosecutor asked Mr. Betterton about
> any affiliation with the KKK. At that point, defense
> counsel made a strategic decision to followup that
> inquiry on redirect rather than lodge a formal objection
> to the question at the time posed.

Affidavit of Trial Counsel, ¶ 13 (Civil Case No. C 07-3014-MWB, Prosecution's Response (docket no. 19), Exhibit 1). It is sufficient, for now, for the court to observe that trial counsel's recollection of when and how any reference to the Ku Klux Klan arose is plainly contrary to the trial record.

Betterton's § 2255 counsel also asserts that the prosecutor misstated the facts of the case and further prejudiced Betterton during closing argument. However, Betterton's § 2255 counsel cites only page 256 of the Trial Transcript "and following" in support of

this contention, but does not identify any specific factual misstatements in the pages cited. The prosecutor's closing argument does begin on page 256 of the Trial Transcript, and concludes on page 264, but the court has no idea what portion of the prosecutor's closing argument Betterton asserts included factual misstatements. In his affidavit attached to the prosecution's response to Betterton's § 2255 Motion, Betterton's trial counsel avers,

> 14. In my professional opinion, the closing argument made by the government was not a deliberate misstatement of the record to the extent that it seriously affected the fairness, integrity, or reputation of the judicial proceedings, and did not warrant specific objection.

Affidavit of Trial Counsel, ¶ 14.

Finally, despite what Betterton now asserts were repeated urgings to do so, Betterton's trial counsel did not call as a witness Pam Jones, the owner of the vehicle that Betterton was driving at the time of his arrest, in which the controlled substances were found, even though Betterton contends that Pam Jones was ready and able to provide exculpatory evidence. Betterton's trial counsel explains his decision not to call Pam Jones in an affidavit filed with the prosecution's resistance to Betterton's § 2255 Motion, as follows:

> 9. During the various in-person conferences with Mr. Betterton, as well as during the telephonic consultations, we discussed possible defenses to the case. I requested from Mr. Betterton any defense witnesses that he desired to have interviewed and presented at trial.

> 10. One such witness was Pam Jones, the owner of the vehicle Mr. Betterton was driving at the time of the traffic stop. It was believed that Ms. Jones would provide testimony that would exculpate Mr. Betterton with regard to possession of the controlled substances

from the car. Ms. Jones was interviewed in the office of the Federal Defender on two separate occasions by the undersigned and the Federal Defender Investigator attached to this office. Following those interviews, it was determined that Ms. Jones would not be a credible or helpful witness to Mr. Betterton. Mr. Betterton was informed of that analysis and agreed at that time that Ms. Jones should not be presented as a witness at trial.

Affidavit of Trial Counsel, ¶¶ 9-10.

On February 11, 2004, after approximately an hour-and-a-half of deliberation, the jury returned a verdict finding Betterton guilty of all three charged offenses. Trial Hearing Minutes, Day 2 (docket no. 70); Verdict Form (docket no. 71). The jury was asked to determine drug quantity only as to **Count 1**, the methamphetamine offense, and found Betterton responsible for 50 grams or more of methamphetamine mixture. Verdict Form (docket no. 71).

### 6. *Post-trial motions and sentencing*

On February 17, 2004, Betterton filed a post-trial Motion For Judgment Of Acquittal Or, In The Alternative, New Trial (docket no. 74), challenging the sufficiency of the evidence against him on each and every count. The prosecution filed a Resistance (docket no. 75) to that motion on February 20, 2004. On April 29, 2004, the court entered an Order (docket no. 83) denying Betterton's post-trial motions for acquittal and new trial.

Betterton came on for sentencing on May 5, 2004. According the Presentence Investigation Report (PSIR), Betterton faced a statutory mandatory minimum of 10 years imprisonment to a maximum of life imprisonment on **Count 1**, owing to the doubling of the mandatory minimum sentence from 5 years to 10 years because of his prior felony drug conviction pursuant to 21 U.S.C. §§ 841(b)(1)(B)(viii) and 851; a maximum term of 30 years imprisonment on **Count 2**, and a maximum term of imprisonment of 10 years on

**Count 3**.  According to the PSIR, however, Betterton's guidelines sentencing calculation resulted in a total offense level of 37, based on application of the career offender guideline, U.S.S.G. § 4B1.1, and no adjustment for acceptance of responsibility, with 16 criminal history points, for a criminal history category of VI, resulting in a guideline sentencing range of 360 months to life imprisonment.  At the sentencing hearing on May 5, 2004, the court denied Betterton's motion for a downward departure, but sentenced him to concurrent sentences of 360 months of imprisonment, the bottom of his guideline range, on **Counts 1** and **2**, and a concurrent sentence to the statutory maximum of 120 months of imprisonment on **Count 3**, along with other conditions.

### 7.     *Appeal and resentencing*

On May 10, 2009, Betterton filed a Notice Of Appeal (docket no. 87), regarding his conviction and sentence.  Betterton was represented by different counsel on appeal.  According to the Eighth Circuit Court of Appeals, Betterton appealed "the district court's admission of evidence obtained from the inventory search and of evidence of his prior convictions" and "raise[d] for the first time on appeal the argument that he was unconstitutionally sentenced under a mandatory application of the Sentencing Guidelines." *United States v. Betterton*, 417 F.3d 826, 829 (8th Cir. 2005).  The Eighth Circuit Court of Appeals concluded "that the district court did not err in denying Betterton's motion to suppress the evidence obtained in the inventory search," *id.* at 831, and "that the district court did not abuse its discretion in admitting evidence of Betterton's two prior convictions." *Id.* at 832.  However, the Eighth Circuit Court of Appeals concluded that Betterton was entitled to some relief on his argument that the sentence, pronounced under a mandatory application of the Sentencing Guidelines, was erroneous under *United States v. Booker*, 543 U.S. 220 (2005).  *Betterton*, 417 F.3d at 832.  Reviewing for plain error, because the issue had not been raised before the sentencing court, the appellate court noted

that this court had stated that, if it had the discretion to do so, it would have sentenced Betterton to less than 360 months of imprisonment, because the court believed that a lesser sentence would serve the objectives of sentencing and that a 360-month sentence was too harsh and too severe. *Id.* at 832-33. Therefore, the appellate court reversed and remanded for this court to conduct a resentencing analysis under the advisory guidelines. *Id.* at 833.

The judgment of the Eighth Circuit Court of Appeals entered August 2, 2005, was docketed in this court on September 22, 2005. By Order (docket no. 107) dated October 5, 2005, the court set Betterton's resentencing hearing for January 4, 2006, but the sentencing was later reset to February 23, 2006. Through the same counsel who had represented him on appeal, Betterton filed a Sentencing Memorandum (docket no. 110) on February 21, 2006, asking the court, *inter alia*, to reject the career offender guideline enhancement of his sentence, which he asserted would result in an offense level of 28, a criminal history category VI, or 140 to 175 months of imprisonment, but then to apply the 18 U.S.C. § 3553(a) factors to sentence him below the resulting adjusted advisory guidelines range. The prosecution filed a Resistance (docket no. 111) to Betterton's request for a downward variance. At the resentencing hearing, the court granted Betterton's motion for a downward variance, but only to the extent of sentencing him to 300 months of imprisonment, below the advisory guidelines range of 360 months to life. Resentencing Hearing Minutes (docket no. 112). An Amended Judgment (docket no. 113) was entered accordingly on March 7, 2006.

The prosecution filed a Notice Of Appeal (docket no. 115) of Betterton's amended sentence on April 4, 2004, and Betterton filed a Notice Of Appeal (docket no. 118) on April 10, 2008. The prosecution's appeal was dismissed on May 10, 2006, on the

prosecution's motion, *see* docket no. 132, and Betterton's appeal was dismissed on June 28, 2006, on Betterton's motion. *See* docket no. 135.

## B. The § 2255 Motion

### 1. The pro se motion

As noted at the outset of this decision, on February 22, 2007, Betterton filed his *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (*Pro Se* § 2255 Motion) (docket no. 1).[4] In his *Pro Se* § 2255 Motion, Betterton asserts the following grounds for relief:

> GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL. . . . [Counsel] failed to present witness, investigate priors, review discovery, no independent fingerprint check, drug purity, impeach government witness, spent little time with defendant, introduce evidence, perjured testimony, no objection to Rule 404(b) & Rule 403, limine, prosecutorial misconduct, no high quality copy of video stop, edited transcripts, mistrial objection, cautionary instructions, conflict of interest, findings of fact, criminal history points, failure to present a challenge to subject matter jurisdiction.
>
> GROUND TWO: PROSECUTORIAL MISCONDUCT USED AS A VIOLATION OF DUE PROCESS. . . . [P]rosecutor used perjured testimony, violated Rule 404(b), violated stipulated discovery order, altered copy of stop video, witness tampering, false statements, want of subject matter on state prior convictions, and slander against defendant.
>
> GROUND THREE: UNCONSTITUTIONAL PRIOR CONVICTIONS FOR FEDERAL ENHANCEMENT. . . .

---

[4] Again, docket numbers relating to Betterton's § 2255 Motion are in Civil Case No. C 07-3014-MWB.

> [W]ant of subject matter jurisdiction, disjunctive allegations, multiplicitous counts, duplicity, missing essential elements of offenses charged, no penalty phase.
>
> GROUND FOUR: FRAUD UPON THE COURT, PERJURY, CONTRARY TESTIMONY, AND LIES. . . . [F]alse statements by officers, prosecutor, defense counsel, contradictory statements by police officers continuously, missing $6,300.05 from vehicle said by police to belong to defendant.

*Pro Se* § 2255 Motion (docket no. 1). Betterton accompanied his *Pro Se* § 2255 Motion with a Memorandum (docket no. 2) and an addendum (docket no. 2-2) clarifying and amplifying some of his grounds for relief. Betterton also requested an evidentiary hearing (docket no. 4) and appointment of counsel (docket no. 5).

### 2. *Counsel's clarification*

By Order (docket no. 6) dated March 29, 2007, a magistrate judge of this court granted Betterton's motion for appointment of counsel, but denied without prejudice his request for an evidentiary hearing. The court directed Betterton's counsel to confer with Betterton and either to file an amended motion to vacate sentence or a statement that the petitioner would rely on his motion as filed.

After various extensions of time to do so, Betterton's appointed counsel filed on November 9, 2007, Defendant-Petitioner's Supplemental Brief In Support Of Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255 (Supplemental Brief) (docket no. 18). As clarified by counsel, Betterton asserts the following three grounds for § 2255 relief: (1) denial of his constitutional right to a fair trial based on allegedly improper comments made by the prosecutor during trial, which prejudiced the jury; (2) denial of his Sixth Amendment right to effective assistance of counsel based on trial counsel's failure to call a certain witness, to raise certain objections, and to challenge

Betterton's prior state convictions as the basis for enhancement of his sentence pursuant to 21 U.S.C. § 851; and (3) error by the district court in finding Betterton to be a career offender under U.S.S.G. § 4B1.1. Betterton's § 2255 counsel requested an evidentiary hearing on these claims.

The prosecution filed its Court Ordered Response To Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255 (docket no. 19), denying that Betterton is entitled to an evidentiary hearing, because his allegations are without merit, responding directly only to the grounds for § 2255 relief asserted by Betterton's counsel, and asserting that Betterton's additional, *pro se* claims are offered without any supporting explanation or are otherwise baseless, so that they should be denied. Thus, the prosecution seeks denial of Betterton's § 2255 Motion in its entirety.

Betterton filed no reply, either *pro se* or through counsel. Moreover, Betterton filed no objection to or complaint about his counsel's clarification or limitation of the grounds for relief on which he ultimately relied, nor has he sent any correspondence to the court indicating any such objection or complaint.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Betterton's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to

collateral attack, may move the court which imposed the
sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under
28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the
ground that his sentence was imposed in the absence of jurisdiction or in violation of the
Constitution or laws of the United States, was in excess of the maximum authorized by
law, or is otherwise subject to collateral attack."); *Bear Stops v. United States,* 339 F.3d
777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate
a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant
to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal
habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting
*Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67
F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

Section 2255 relief is not available to correct errors
which could have been raised at trial or on direct appeal,
absent a showing of cause and prejudice, *United States v.
Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71
L. Ed. 2d 816 (1982), or a showing that the alleged errors
were fundamental defects resulting in a complete miscarriage
of justice. *See United States v. Smith*, 843 F.2d 1148, 1149
(8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson
v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review
of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual
prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S.
614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'")

(quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Betterton's claims for § 2255 relief.

## B. Preliminary Matters

### 1.    Need for an evidentiary hearing

Betterton has requested an evidentiary hearing, both *pro se* and through counsel. "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *See* 28 U.S.C. §2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Betterton's allegations either cannot be accepted as true, because they are contradicted by the record, or that, even if his allegations were accepted as true, they would not entitle him to relief.

### 2.    Procedural default

Although the prosecution never argues that Betterton's claims are procedurally defaulted—as opposed to inadequately supported—and Betterton never argues that his claims are preserved for consideration pursuant to § 2255—only that his § 2255 Motion was timely filed and that his claims are, thus, "preserved"—the court will nevertheless briefly consider the question of whether any or all of Betterton's claims are procedurally

defaulted, because it appears that none of Betterton's present claims were raised at sentencing or on direct appeal. *See Ramey,* 8 F.3d at 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson*, 278 F.3d at 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)).

The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, the court finds that Betterton's "ineffective assistance" claim is properly raised in a § 2255 motion.

As noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. Here, however, Betterton did file a direct appeal and does not allege anywhere that appellate counsel was ineffective in failing to bring on appeal the claims other than ineffective assistance of trial counsel that he now seeks to assert as grounds for § 2255 relief. Reading Betterton's *Pro Se* § 2255 Motion liberally—and his counsel's clarification of his grounds for relief more liberally than the clarification perhaps deserves—the court finds that Betterton asserts that his claims other than ineffective assistance of trial counsel show alleged errors that were such fundamental defects that they resulted in a complete miscarriage of justice. *Ramey*, 8 F.3d at 1314 (an alternative basis

for relief from procedural default is "a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice"). Therefore, the court will assume, without necessarily deciding, that Betterton can overcome procedural default, and the court will consider his § 2255 claims on their merits.

### 3.     *The pertinent claims*

Betterton's *Pro Se* § 2255 Motion asserted a plethora of grounds for relief, including, for example, more than a dozen ways in which Betterton believed that his trial counsel had provided ineffective assistance, numerous allegations of prosecutorial misconduct, numerous ways in which enhancement of his sentence based on prior state convictions was improper, including deficiencies of the prior convictions themselves, and numerous instances of alleged fraud upon the court. The Supplemental Brief filed by Betterton's court-appointed § 2255 counsel, on the other hand, winnows this plethora of claims down to only five in three distinct categories: one claim of prosecutorial misconduct, three claims of ineffective assistance of counsel, and one claim of error by the sentencing court in applying the career offender guideline. This winnowing, of course, is part of what the court intended for counsel appointed to represent Betterton on his § 2255 Motion to do when, by Order (docket no. 6) dated March 29, 2007, the court directed Betterton's § 2255 counsel to confer with Betterton and either to file an amended motion to vacate sentence or a statement that the petitioner would rely on his motion as filed. Betterton's § 2255 counsel did the former by filing a Supplemental Brief limiting the grounds for relief on which the petitioner would rely. As the court noted above, Betterton filed no objection to or complaint about his § 2255 counsel's clarification or limitation of the grounds for relief on which he ultimately relied, nor has he sent any correspondence to the court indicating any such objection or complaint.

Under the circumstances presented here, the court finds that Betterton has knowingly and intentionally waived any grounds for relief stated in his original *Pro Se* § 2255 Motion that are not repeated and argued in the Supplemental Brief filed by counsel appointed to represent him on his § 2255 Motion. This conclusion is in accord with the decisions of numerous courts, including the Eighth Circuit Court of Appeals, in criminal and habeas cases, that a party waives an issue for post-trial relief by failing to brief that issue or failing to do so adequately. *See, e.g., Sweet v. Delo,* 125 F.3d 1144, 1159 (8th Cir. 1997) (a habeas petitioner "waived [a] claim by failing to argue it with any specificity whatsoever"), *cert. denied sub nom. Sweet v. Bowersox,* 523 U.S. 1010 (1998); *United States v. Bonilla-Mungia,* 422 F.3d 316, 319 & n. 1 (5th Cir. 2005) (citing cases from the Fifth Circuit and other circuits in which the court held that the government had waived an argument by failing to brief it post-trial); *see also Salazar-Regino v. Trominski,* 415 F.3d 436, 452 (5th Cir. 2005) (habeas petitioners waived an issue by failing to brief it adequately, where their entire argument consisted of a case citation, without explanation of how the cited decision should apply to their case, and they failed to mention that the opinion they cited had been overruled); *Ramirez v. Debs-Elias,* 407 F.3d 444, 447 & n.3 (1st Cir. 2005) (to avoid waiver, a party must brief an issue in more than a "perfunctory manner," citing *United States v. Bongiorno,* 106 F.3d 1027, 1034 (1st Cir. 1997)). Because the court finds that Betterton has waived all other grounds for § 2255 relief, the court will consider on the merits only the grounds for relief argued in the Supplemental Brief filed by § 2255 counsel.

## C. Prosecutorial Misconduct

Betterton's first claim for § 2255 relief, as clarified by counsel, is that he was denied his constitutional right to a fair trial[5] because of allegedly improper comments made by the prosecutor during trial, which Betterton asserts prejudiced the jury. Specifically, Betterton contends that the prosecutor suggested that he was a member of the Ku Klux Klan and later, in his closing argument, made prejudicial factual misstatements.

### 1. Arguments of the parties

Betterton argues that pages 161 through 165 of the Trial Transcript show that, during cross-examination of Betterton by the prosecutor, the prosecutor inquired whether Betterton was a member of the Ku Klux Klan. Betterton argues that, even though he denied this allegation, the moment the question was asked in the courtroom, the jury was implicitly invited to indulge any bias or prejudice it might have against him as a racist. He argues that the imagery, fear, and animus evoked by mention of the Ku Klux Klan immediately painted him in a very negative light. He argues that his position was prejudiced and compromised with the jury when the prosecutor made unfounded allegations of affiliation with a dangerous, stigmatized, and socially isolated group. He contends that he was further prejudiced when the prosecutor misstated the facts of the case during his closing argument, although he does not identify any specific alleged factual misstatements. He contends that the cumulative effect of the prosecutor's remarks prejudiced him and deprived him of a fair trial.

---

[5]Betterton's § 2255 counsel characterized the right to a fair trial at issue to be Betterton's Fourteenth Amendment right to a fair trial. However, because Betterton was prosecuted in federal court, the Fourteenth Amendment does not define his right to a fair trial; rather, the court assumes that the right to a fair trial at issue stems from either the Fifth Amendment or the Sixth Amendment.

In its response, the prosecution points out that this claim is based on a misstatement of the record. The prosecution points out that pages 161 to 165 of the Trial Transcript actually contain the prosecutor's examination of Todd Jones, a Special Agent with the Iowa Department of Narcotics Enforcement, not the prosecutor's cross-examination of Betterton. The prosecution also points out that, in that testimony, there was no reference to Betterton as a member of the Ku Klux Klan, merely the agent's offhand supposition that a reference to "Clan Man" in a notebook belonging to Betterton suggested someone who manufactured methamphetamine or, possibly, "some kind of anti-race type person or something." Trial Transcript at p. 165, *ll.* 12-19. The prosecution points out that it was Betterton's trial counsel, not the prosecutor, who asked Betterton whether he belonged to the Ku Klux Klan in his direct examination of Betterton, citing Trial Transcript pp. 240-41. Thus, the prosecution contends that there is no factual basis for this claim for § 2255 relief. The prosecution also contends that the lack of any specificity to the allegation of factual misstatements in the prosecutor's closing argument means that any claim based on such supposed factual misstatements is waived.

### 2. *Analysis*

A prosecutorial misconduct claim presents mixed questions of fact and law. *Herrin v. United States*, 349 F.3d 544, 546 (8th Cir. 2003). Relief from prosecutorial misconduct is only appropriate "'when the defendant can show that the prosecutor's remarks were improper and that the remarks prejudicially affected the defendant's substantial rights so as to deprive him of a fair trial.'" *United States v. Christians*, 200 F.3d 1124, 1128 (8th Cir. 1999) (direct appeal case, quoting *United States v. Malone*, 49 F.3d 393, 398 (8th Cir. 1995)); *United States v. Davis*, 154 F.3d 772, 784-85 (8th Cir. 1998) (also on direct appeal, applying this same two-step analysis, citing *United States v. Hernandez*, 779 F.2d 456, 458 (8th Cir. 1985), to allegations that the prosecutor elicited prejudicial testimony).

Similarly, in a case for *habeas* relief by a state prisoner pursuant to 28 U.S.C. § 2254, the Eighth Circuit Court of Appeals recently explained,

> Improper remarks by the prosecutor can violate the Fourteenth Amendment if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S. Ct. 1868, 40 L. Ed. 2d 431 (1974). "The court should only grant habeas corpus relief if the state's 'closing argument was so inflammatory and so outrageous that any reasonable trial judge would have sua sponte declared a mistrial.'" *Weaver v. Bowersox,* 438 F.3d 832, 840 (8th Cir. 2006), *cert. dismissed sub nom Roper v. Weaver,* 550 U.S. 598, 127 S. Ct. 2022, 167 L. Ed. 2d 966 (2007), (quoting *James v. Bowersox,* 187 F.3d 866, 869 (8th Cir. 1999)). Relief will be granted only upon a showing of a reasonable probability that the outcome would have been different but for the improper statement. *Shurn v. Delo,* 177 F.3d 662, 667 (8th Cir. 1999).

*Barnett v. Roper*, 541 F.3d 804, 812-13 (8th Cir. 2008).

Here, Betterton's claim of prosecutorial misconduct based on the prosecutor allegedly asserting that Betterton was a member of the Ku Klux Klan or eliciting prejudicial testimony suggesting that Betterton was a member of the Ku Klux Klan fails on the first prong of the analysis of a claim of prosecutorial misconduct, because Betterton cannot show that the prosecutor acted improperly. *See Christians*, 200 F.3d at 1128; *Davis*, 154 F.3d at 784. Specifically, Betterton's version of the facts is contrary to the record, because the first comment raising a suggestion that anyone belonged to a race hate group did not occur during the prosecutor's cross-examination of Betterton, but in the prosecutor's direct examination of another witness, Agent Jones. Moreover, Agent Jones, not the prosecutor, raised the possibility that a nickname for someone else, "Clan Man," might suggest that the other person was involved in manufacturing methamphetamine, then

added, as an unsolicited afterthought, that he "d[id]n't know of any other terminology that Clan Man would be involved with unless it's some kind of an anti-race type person or something." Trial Transcript, Vol. II, p. 165, *ll*. 10-19. The prosecutor did not seize upon this reference to "an anti-race type person" by the witness in any way, or suggest that it bore any relationship to Betterton, but simply moved on to other topics, and Betterton has not shown, and the court has not found, that the prosecutor ever brought up the topic again. Rather, Betterton's own counsel subsequently characterized Agent Jones's testimony as "talking about the Ku Klux Klan" and then asked Betterton if he was a member of the Ku Klux Klan. *See* Trial Transcript, Vol. II, p. 240, *l*. 10, to p. 241, *l*. 7. Thus, neither the initial reference to "an anti-race type person" nor the subsequent reference to the Ku Klux Klan can be attributed to the prosecutor.

Furthermore, the court cannot conclude that the stray reference by a witness to a nickname of someone else as possibly suggesting "an anti-race type person," even when brought up again later by Betterton's counsel, prejudicially affected Betterton's substantial rights so as to deprive him of a fair trial. *Christians*, 200 F.3d at 1128 (second prong of the prosecutorial misconduct analysis); *Davis*, 154 F.3d at 784 (same). Certainly, the references were not so inflammatory and so outrageous that any reasonable trial judge would have *sua sponte* declared a mistrial. *Barnett*, 541 F.3d at 813. Again, the prosecutor made no attempt to make something out of the comment or to suggest that Betterton was, himself, "an anti-race type person" or a member of the Ku Klux Klan. In the context of the evidence presented at trial, the stray reference to the possibility that a nickname suggested that some other person was "an anti-race type person" and the follow-up question to Betterton by Betterton's own counsel of whether he was a member of the Ku Klux Klan were simply "blips" on the screen.

Finally, Betterton has completely failed to identify any alleged factual misstatements in the prosecutor's closing argument or to show how any such misstatements were sufficiently grave and misleading that they prejudicially affected his substantial rights so as to deprive him of a fair trial. *See Christians*, 200 F.3d at 1128 (prongs of the prosecutorial misconduct analysis); *Davis*, 154 F.3d at 784 (same). Under these circumstances, as the prosecution contends, Betterton waived any prosecutorial misconduct claim based on alleged misstatements of the facts. *Sweet v. Delo,* 125 F.3d 1144, 1159 (8th Cir. 1997) (a habeas petitioner "waived [a] claim by failing to argue it with any specificity whatsoever"), *cert. denied sub nom. Sweet v. Bowersox,* 523 U.S. 1010 (1998).

Betterton is not entitled to any § 2255 relief on the basis of alleged prosecutorial misconduct.

## D. Ineffective Assistance Of Trial Counsel

Betterton's next claim for § 2255 relief, as clarified by counsel appointed to represent him on his § 2255 Motion, is that his trial counsel provided ineffective assistance in the following respects: failing to call a certain witness, Pam Jones, failing to raise certain objections, and failing to challenge Betterton's prior state convictions as the basis for enhancement of his sentence pursuant to 21 U.S.C. § 851. The court will summarize the standards applicable to an ineffective assistance of counsel claim generally, then analyze whether Betterton's trial counsel was ineffective in any of the respects alleged.

### 1. Applicable standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct

appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States.").

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There

are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997).

## 2.     Allegations of ineffective assistance

### a.     Failure to call a certain witness

*i.     Arguments of the parties*.     Betterton argues, first, that he repeatedly requested that his trial counsel call Pam Jones to testify, because she would exculpate him at trial, and she was available, able, and willing to testify, but that trial counsel did not call Ms. Jones as a witness.  Betterton acknowledges that his trial counsel had interviewed Ms. Jones and had determined that she would not be a helpful witness, but he asserts that he had a conversation with Ms. Jones after the first day of trial, and she indicated that she was still willing to testify and could provide exculpatory evidence, particularly as to his culpability for possession of the controlled substances found in Ms. Jones's car.  Although Betterton told his counsel that he still wanted Ms. Jones to testify, his counsel still did not call her as a witness.  Betterton argues that he was prejudiced by counsel's failure to call Ms. Jones, because no fingerprints belonging to him were found in the car and there were no witnesses at trial to tie the drugs found in the car to him.  Thus, he contends that he was deprived of a witness who could establish that he did not possess the drugs.

The prosecution points out that Betterton's trial counsel avers, and Betterton acknowledges, that trial counsel interviewed Ms. Jones more than once and concluded that she would not be a credible or helpful witness.  The prosecution argues that, because trial counsel's decision as to which witnesses to call is a tactical decision, and that decision here was not outside the range of professional competence, but was an informed decision, the decision not to call Ms. Jones as a witness did not amount to ineffective assistance of counsel.

*ii.     Analysis*.     Betterton's first allegation of ineffective assistance of counsel fails on the "deficient performance" prong.  Betterton cannot show that counsel's performance "'fell below an objective standard of reasonableness.'"  *Wiggins*, 539 U.S. at 522 (quoting

*Strickland*, 466 U.S. at 688). This is especially true here, because trial counsel's determination not to call Ms. Jones as a witness represents a strategic choice after thorough investigation, and Betterton has done nothing to overcome the presumption of the correctness of counsel's decision. *See Rice*, 449 F.3d at 897 (identifying these impediments to an ineffective assistance of counsel claim). More specifically, the Eighth Circuit Court of Appeals has recognized, "The decision not to call a witness is a virtually unchallengeable decision of trial strategy." *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005) (internal quotations marks and citations omitted); *see also Hanes v. Dormire*, 240 F.3d 694, 698 (8th Cir. 2001) (§ 2254 case, noting that witness selections, at least after reasonable investigation, are left to counsel's judgment, and will not be second-guessed).

Although the court need not consider the "prejudice" prong of the ineffective assistance analysis, if the movant fails to show deficient performance by counsel, *see Walker*, 324 F.3d at 1040, the court also concludes that Betterton has not shown any prejudice from his counsel's failure to call Ms. Jones. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Betterton asserts that Ms. Jones was willing to testify that he did not possess the drugs found in her car, thus exculpating him, but the jury was already aware that Betterton did not own the car, he had only borrowed it for some errands, and the jury was already aware that the only fingerprint found in the car did not belong to Betterton. Betterton does not allege that Ms. Jones would have testified that the drugs belonged to her or to any other particular person. Moreover, trial counsel had already evaluated

Ms. Jones's potential as a witness, and had determined that she was not likely to be credible or helpful. As the Eighth Circuit Court of Appeals has noted, "Impeachment specifics aside, there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences against the party who called him or her." *Staples*, 410 F.3d at 489. Betterton has not identified anything about Ms. Jones or her potential testimony that would show that her exculpatory evidence was not subject to impeachment or that she would hold up well enough under cross-examination that she would actually have bolstered his case. Betterton has done no more than suggest that failing to call Ms. Jones might have had some conceivable effect on the outcome of his trial, which is simply not enough to establish the prejudice necessary to sustain an ineffective assistance of counsel claim. *Pfau*, 409 F.3d at 939.

Betterton's first claim of ineffective assistance of trial counsel, thus, does not merit any § 2255 relief.

### b. *Failure to raise certain objections*

**i.** ***Arguments of the parties***. Next, Betterton contends that his trial counsel was ineffective for failing to object to the prosecutor's references to the Ku Klux Klan and improper closing remarks. He points out that, when the prosecutor asked about the Ku Klux Klan, and insinuated that Betterton was a member of that organization, trial counsel failed to lodge any objection. Instead, trial counsel followed up with a direct question of his own to Betterton asking if Betterton had any association with the Ku Klux Klan. Betterton contends that an unchallenged insinuation, followed by his own counsel bringing the issue to mind again, prejudiced the jury against him, regardless of whether there was any evidentiary basis for the allegation of Klan membership. He also asserts that his trial

counsel failed to make objections to the prosecutor's prejudicial misstatements of the facts in the prosecutor's closing argument.

The prosecution points out, again, that Betterton misstates the circumstances in which the first reference to the Ku Klux Klan or "an anti-race type person" arose, because the prosecutor never made any reference to the Ku Klux Klan, Betterton's trial counsel did. The prosecution also argues that Betterton's trial counsel's strategic decision to follow up on the issue in his direct examination of Betterton is virtually unchallengeable. The prosecution points out, again, the Betterton has not identified any closing remarks by the prosecutor that are allegedly misstatements of the facts or prejudicial, so that such a claim of prosecutorial misconduct is waived, but the prosecution also notes that Betterton's counsel has averred that he did not believe, in his professional opinion, that any closing remarks by the prosecutor were prejudicial, so that the failure to object to those comments is, again, an unchallengeable strategic decision.

*ii.* ***Analysis***. The court notes that trial counsel's affidavit reflects that, at the time of the affidavit, trial counsel was mistaken about the circumstances in which the references to anti-racial animus and membership in the Ku Klux Klan arose at trial. Affidavit of Trial Counsel, ¶ 13 (quoted *supra*, beginning on page 9). Nevertheless, the court concurs with the prosecution's contention that trial counsel's decision, at the time of trial, not to object to the reference by Agent Jones to "an anti-race type person" was a virtually unchallengeable strategic decision that does not constitute deficient performance. *See Rice*, 449 F.3d at 897. The comment did not relate directly to Betterton, but to someone else identified in a notebook belonging to him, and counsel could reasonably have believed that a contemporaneous objection would have called undue attention to a trivial matter. Although the court may personally question the judgment behind trial counsel's decision to return to the issue or to ask Betterton directly if he was a member of the Ku

Klux Klan when Betterton was, himself, on the stand, the court nevertheless finds that the decision to try to counter any inference that Betterton was a member of the Ku Klux Klan with a direct denial was also a virtually unchallengeable strategic decision. *Id.* Again, the court finds no misconduct by the prosecutor in essentially inadvertently eliciting the comment about "an anti-race type person" from Agent Jones, so that there was no improper conduct of the prosecutor to which Betterton's trial counsel could and should have objected. Thus, this claim of ineffective assistance of counsel also fails on the "deficient performance" prong. *Id.* (the movant must establish that counsel's performance was deficient).

Although the court need not consider the "prejudice" prong of the ineffective assistance analysis, if the movant fails to show deficient performance by counsel, *see Walker*, 324 F.3d at 1040, the court also concludes that Betterton has not shown any prejudice from his counsel's failure to object to Agent Jones's comment or his counsel re-raising the issue of any affiliation with the Ku Klux Klan. Betterton cannot show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Again, the court concludes that, in the context of the evidence presented at trial, the stray reference to the possibility that a nickname suggested that some other person was "an anti-race type person," and the follow-up question to Betterton by Betterton's own counsel of whether he was a member of the Ku Klux Klan, were simply "blips" on the screen.

Also, Betterton has completely failed to identify any alleged factual misstatements in the prosecutor's closing argument or to show how any such misstatements were sufficiently grave and misleading as to prejudicially affect his substantial rights and, thus,

to deprive him of a fair trial. *See Christians*, 200 F.3d at 1128 (prongs of the prosecutorial misconduct analysis); *Davis*, 154 F.3d at 784 (same). Thus, Betterton has waived any claim of ineffective assistance of counsel based on failure to object to the prosecutor's alleged misstatements of the facts, *see Sweet v. Delo,* 125 F.3d 1144, 1159 (8th Cir. 1997) (a habeas petitioner "waived [a] claim by failing to argue it with any specificity whatsoever"), *cert. denied sub nom. Sweet v. Bowersox,* 523 U.S. 1010 (1998), and if he has not waived the claim, he has certainly failed to show that his counsel's failure to object to such comments was either deficient or prejudicial. *Rice*, 449 F.3d at 897 (the movant must establish both deficient performance and prejudice to prevail on an ineffective assistance of counsel claim).

Thus, Betterton also is not entitled to § 2255 relief on this ineffective assistance of counsel claim.

### c. *Failure to challenge the prior conviction enhancement*

***i.*** ***Arguments of the parties***. Betterton's last ineffective assistance claim is that trial counsel failed to challenge Betterton's prior state convictions as the basis for enhancement of his sentence pursuant to 21 U.S.C. §§ 841(b)(1) and 851. Betterton acknowledges that the prosecution timely filed a § 851 "information" indicating its intent to rely on both his October 26, 1998, conviction for possession with intent to deliver methamphetamine in Crawford County District Court, which was identified in the Indictment, and his November 5, 1999, conviction for possession with intent to deliver methamphetamine in Sac County District Court, which was subsequently identified in the prosecution's motion in limine. He argues, however, that his counsel did not challenge these prior convictions in the manner required by § 851(c)(1). Betterton also acknowledges that the case law suggests that there is no remedy under § 2255 for failure to challenge a prior conviction used to enhance a penalty prior to the sentencing hearing,

but he nevertheless contends that § 2255 is the only avenue available to a defendant in his position to challenge the errors and to obtain a remedy for the prejudice resulting from ineffective assistance of counsel in failing to challenge the prior convictions. At the very least, he argues that he should receive an evidentiary hearing to establish whether counsel investigated the prior convictions.

The prosecution argues that the court need not indulge Betterton's request for a hearing, because Betterton has only argued that the prior convictions are somehow "infirm," without explaining how. Thus, the prosecution argues that this claim should be denied, because it lacks any specificity. The prosecution also points out that trial counsel's affidavit shows that Betterton acknowledged the two prior convictions identified in the § 851 "information" and did not identify to him any basis for challenging the validity of those convictions.

*ii.* ***Analysis***. The record does not reflect that counsel ever made any objections to the § 851 "information" or the validity of the prior convictions identified therein. The PSIR also reflects that Betterton's trial counsel made only general objections to Betterton's criminal history determinations, none of which were challenges to the validity of the prior convictions. Trial counsel explains the reasons for not challenging the prior convictions in his affidavit, as follows:

> 15.  Following receipt of the Notice of Intention to Seek Enhanced Penalty under 21 U.S.C. § 851(a)(1), filed by the government on January 27, 2004, I consulted with Mr. Betterton by telephone regarding the effect and operation of the § 851 Notice. At that time, Mr. Betterton acknowledged the two prior convictions stated in the Notice and did not state any claim to invalidity of those convictions for the purpose of any challenge under the statute.

16.  At no time prior to his trial did Mr. Betterton direct that any objections to the earlier state convictions be made.

Affidavit of Trial Counsel, ¶¶ 15-16.

Where a defendant acknowledged prior convictions—and Betterton does not deny that he acknowledged the prior convictions—the court cannot say that trial counsel performed deficiently, that his, that his performance fell below an objective standard of reasonableness, in failing to challenge the validity of the prior convictions. *Wiggins*, 539 U.S. at 522 (to establish deficient performance, the movant must show that counsel's performance "'fell below an objective standard of reasonableness'") (quoting *Strickland*, 466 U.S. at 688). Moreover, Betterton cannot show that any deficient performance in this respect prejudiced him, where he has not shown any basis for challenging the validity of his prior convictions. *Rice*, 449 F.3d at 897 (the movant must establish both deficient performance and prejudice to prevail on an ineffective assistance of counsel claim).

Thus, Betterton also is not entitled to § 2255 relief on this last ineffective assistance of counsel claim.

## E.  Erroneous Application Of The Career Offender Guideline

The last claim for § 2255 relief asserted in Betterton's Supplemental Brief filed by his § 2255 counsel is that the district court erred in finding Betterton to be a career offender under U.S.S.G. § 4B1.1. The prosecution denies that Betterton is entitled to any relief on this claim.

### 1.  Arguments of the parties

Betterton argues that he did not meet the requirement for a career offender finding in U.S.S.G. § 4B1.1(a)(3), because he did not have at least two prior convictions for drug offenses as defined under the Sentencing Guidelines. Rather, he argues that, pursuant to

*United States v. Charles*, 209 F.3d 1088 (8th Cir. 2000), his convictions in Crawford County District Court and in Sac County District Court should be counted as only one prior conviction, because the sentences on both offenses were ordered to run concurrently, as explained in paragraph 53 of the PSIR.  He points out that he had no intervening arrests or charges between these two convictions.  Betterton argues that, because the career offender enhancement was improper, his base offense level should have been level 28, not level 37, and with a criminal history category of VI, his advisory guidelines sentencing range would have been 140 to 175 months, not 360 months to life.  The remedy, he contends, is to vacate his sentence of 300 months and to recalculate his sentence as described in *Charles*.  In the alternative, he seeks an evidentiary hearing to demonstrate why his sentence should be recalculated.

The prosecution contends that Betterton was not improperly sentenced as a career offender.  The prosecution argues that, even when sentences run concurrently, the offenses are not related for purposes of computing criminal history points or career offender status, if the sentences were imposed at different times, by different courts, under different docket numbers, nor are they related, if there was no formal order of consolidation, even if the court imposed concurrent sentences on the same date under different docket numbers.  Here, the prosecution contends that Betterton's state court sentences were to run concurrently, but they were not related, because they were imposed at different times, by different courts, under different docket numbers, and they were separated by intervening arrests, that is, his arrest on the first offense occurred before he even committed the second offense, and there was no order of consolidation.

### 2.   *Analysis*

The Eighth Circuit Court of Appeals recently reiterated the requirements of the career offender enhancement pursuant to U.S.S.G. § 4B1.1, as follows:

Under § 4B1.1 of the Guidelines, persons who are convicted of a crime of violence or a controlled substance offense, who have at least two prior felony convictions for either crimes of violence or controlled substance offenses, are to be sentenced as "career offenders." U.S.S.G. § 4B1.1. Section 4B1.2(c) of the Guidelines states:

> The term 'two prior felony convictions' means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense (i.e., two felony convictions of a crime of violence, two felony convictions of a controlled substance offense, or one felony conviction of a crime of violence and one felony conviction of a controlled substance offense), and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c).

*Id.* at § 4B1.2(c).

> "Prior sentences imposed in 'related cases' are to be treated as one sentence for purposes of § 4A 1.1(a), (b), and (c)," while prior sentences imposed in unrelated cases are to be counted separately. *Id.* at § 4A1.2(a)(2) (2006). The Guidelines commentary elaborates that where offenses were not separated by an intervening arrest, they are "considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." *Id.* at § 4A1.2, cmt. n.3.

*United States v. Adams*, 509 F.3d 929, 931-32 (8th Cir. 2007) (footnotes omitted). In *Adams*, the court rejected the defendant's argument that, although none of his prior robbery convictions were formally consolidated for sentencing, his prior Missouri robbery convictions were functionally consolidated for sentencing, because he pleaded guilty to and

was sentenced for those three robberies on the same day, and the sentences for all three of those convictions were imposed concurrently. *Id.* 933. The court explained,

> Contrary to Adams's argument, Eighth Circuit precedent requires formal consolidation. Where, as here, there has been no formal order of consolidation filed, and each case retains its individual case number, the prior felonies were not consolidated for sentencing. *See United States v. Paden*, 330 F.3d 1066, 1068 (8th Cir.2003) (finding prior felonies were not consolidated for sentencing even though the pleas were entered on the same day and the sentences were imposed concurrently, because the cases proceeded under separate docket numbers and were never formally consolidated); *United States v. Klein*, 13 F.3d 1182, 1185 (8th Cir. 1994) ("[T]wo or more sentences imposed at the same time are not related for purposes of § 4A1.2(a)(2) if the cases proceeded to sentencing under separate docket numbers, and there was no formal order of consolidation.") (internal quotations and citation omitted).

*Adams*, 509 F.3d at 933. As the citations to *Paden* and *Klein* in *Adams* show, this "formal consolidation" requirement has been the law in the Eighth Circuit since before Betterton was sentenced as a career offender the first time in 2004.

Here, the prosecution points out, and Betterton does not dispute, that there was no formal consolidation of his 1998 conviction in Crawford County, involving possession of methamphetamine with intent to deliver, and his 1999 conviction in Sac County, Iowa, involving possession of methamphetamine and marijuana, even if the sentences on the two offenses were to run concurrently, and each case retained its individual case number. Under Eighth Circuit law, formal consolidation is required for the two convictions to be treated as one for purposes of the career offender guideline, U.S.S.G. § 4B1.1. *See Adams*, 509 F.3d at 933; *Paden*, 330 F.3d at 1068. Thus, the court did not err in

40

imposing the "career offender" enhancement pursuant to U.S.S.G. § 4B1.1 based on Betterton's two prior methamphetamine convictions.

Thus, Betterton is not entitled to § 2255 relief on the last ground asserted in his Supplemental Brief.

## F. Certificate of Appealability

Denial of Betterton's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Betterton has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Betterton's claims to be debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Betterton does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### III.  CONCLUSION

Upon the foregoing, petitioner Darcy Jay Betterton's February 22, 2007, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1), as clarified and supplemented in a Supplemental Brief (docket no. 18), filed on November 19, 2007, by counsel appointed to represent him on his § 2255 Motion, is **denied in its entirety**.  This matter is **dismissed in its entirety**.  No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 27th day of July, 2009.

_Mark W. Bennett_
_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA